UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JESSICA GONDOLFO, ROBERT CAVALLARO,
TODD MCCORMACK, EDWARD WECHSLER,
JOSEPH ARMISTO, and GERARD HANRAHAN,

                              Plaintiffs,

       - against -

TOWN OF CARMEL, TOWN OF CARMEL            **OPINION & ORDER**
TOWN BOARD, TOWN OF CARMEL
PLANNING BOARD, TOWN OF CARMEL         No. 20-CV-9060 (CS)
ZONING BOARD OF APPEALS, MICHAEL
CARNAZZA, in his official capacity as Town of
Carmel Building Inspector, NEW YORK SMSA
LIMITED PARTNERSHIP d/b/a VERIZON
WIRELESS, HOMELAND TOWERS, LLC, and
MAPLE HILL ESTATES HOMEOWNERS
ASSOCIATION, INC.,

                              Defendants.
----------------------------------------------------------------x

<u>Appearances</u>:
Alan J. Knauf
Jonathan R. Tantillo
Knauf Shaw LLP
Rochester, New York
*Counsel for Plaintiffs*

Robert D. Gaudioso
Carlotta Cassidy
Snyder & Snyder, LLP
Tarrytown, New York
*Counsel for Defendants New York SMSA Limited Partnership*
*d/b/a Verizon Wireless and Homeland Towers, LLC*

Gregory L. Folchetti
Costello & Folchetti, LLP
Carmel, New York
*Counsel for Defendants Town of Carmel, Town of Carmel*
*Town Board, Town of Carmel Planning Board, Town of Carmel*
*Zoning Board of Appeals, and Michael Carnazza*

Seibel, J.

Before the Court are Plaintiffs' motion to remand or, alternatively, for a preliminary injunction, (Doc. 18), and the motion to dismiss of Defendants New York SMSA Limited Partnership d/b/a Verizon Wireless and Homeland Towers, LLC (together, the "Wireless Defendants"), (Doc. 28).  For the following reasons, Plaintiffs' motion to remand is GRANTED, and the other motions are DENIED as moot.

## I.   **BACKGROUND**

The following facts are drawn from the Complaint, (Doc. 1 ("Notice of Removal") Ex. A ("Compl.")), which I accept as true for the purposes of the motion to remand.  *See Skornick v. Principal Fin. Grp.*, 383 F. Supp. 3d 176, 178 n.1 (S.D.N.Y. 2019).  Because the validity of a removal involves a jurisdictional inquiry, I may draw additional facts where necessary from the parties' submissions, such as their affidavits and declarations, *see Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Winters v. Alza Corp.*, 690 F. Supp. 2d 350, 353 n.3 (S.D.N.Y. 2010), but it is not necessary to do so here.

In August 2018, the Wireless Defendants applied for approval from the Town of Carmel Planning Board to build two wireless telecommunications facilities:  one on Dixon Road and one on Croton Falls Road.  (Compl. ¶ 17.)  After more than a year of review and hearings, the Board denied the applications in October 2019.  (*See id.* ¶¶ 18-28.)  Soon after, the Wireless Defendants filed suit in federal court against the Town of Carmel, the Town of Carmel Town Board, the Town of Carmel Planning Board, the Town of Carmel Zoning Board of Appeals, Town Building Inspector Michael Carnazza in his official capacity (together, the "Town Defendants"), and the

Town of Carmel Environmental Conservation Board,[1] alleging that the denial of their

applications was unlawful under the Telecommunications Act of 1996 ("TCA").  (*Id.* ¶¶ 31-32.)

The lawsuit ended with a settlement agreement in which the Town agreed to issue permits for the

Dixon Road facility and a facility to be located on Walton Drive rather than Croton Falls Road.

(*Id.* ¶¶ 36-38.)  In May 2020, U.S. District Court Judge Philip M. Halpern entered the stipulation

of settlement and consent order that memorialized the agreement.  *See* Stipulation of Settlement

& Consent Order, *N.Y. SMSA Ltd. P'ship v. Town of Carmel*, No. 19-CV-10793 (S.D.N.Y. May

20, 2020), ECF No. 25.[2]

On October 20, 2020, Plaintiffs (who live near the proposed Walton Drive facility)

brought an Article 78 proceeding in state court against the Town Defendants, the Wireless

Defendants, and Maple Hill Estates Homeowners Association, Inc., seeking to invalidate the

consent order on various state law grounds.  (*See* Compl. ¶¶ 1-9.)  Specifically, Plaintiffs allege

that the Town lacked the power to approve construction of the Walton Drive facility without

subjecting it to the review that the other facilities were required to undergo, and that the approval

violates N.Y. Town Law § 274-b, the State Environmental Quality Review Act ("SEQRA"),

N.Y. Gen. Mun. Law § 239-m, N.Y. Pub. Off. Law § 103 (the "Open Meetings Law"), the Town

Code, and the Town Zoning Code.  (*Id.* ¶¶ 1-3, 62-95.)

On October 28, Defendants removed the action to this Court, asserting federal question

jurisdiction.  (Notice of Removal ¶¶ 7, 9.)  Plaintiffs filed a letter contemplating a motion to

remand or, alternatively, a motion for a preliminary injunction enjoining construction of the

---

[1] While the Town Defendants are all parties in the instant action, the Town of Carmel Environmental Conservation Board is not.  (*See* Compl. ¶¶ 4-16.)

[2] The Stipulation of Settlement and Consent Order is also attached as Exhibit B to the Notice of Removal.

Walton Drive facility.  (Doc. 11.)  Defendants responded, (Docs. 16-17), and the Court held a

pre-motion conference on December 7 and set out a briefing schedule for Plaintiffs' motion.

(*See* Minute Entry dated Dec. 7, 2020.)  After Plaintiffs filed their motion, (Doc. 18), the

Wireless Defendants filed a letter contemplating a motion to dismiss for failure to state a claim,

(Doc. 19), and I ordered them to file their motion in conjunction with their opposition to

Plaintiffs', (Doc. 24).  The Town Defendants opposed Plaintiffs' motion to remand but took no

position on Plaintiffs' alternative request for a preliminary injunction, and they did not join the

Wireless Defendants' motion to dismiss.  (Doc. 30 ("Town Ds' Opp.") at 3.)  Briefing on

Plaintiffs' motion concluded on January 13, 2021, (*see* Doc. 33 ("Ps' Reply")), and briefing on

the Wireless Defendants' motion concluded on January 20, (*see* Docs. 35-36).

## II.   <u>LEGAL STANDARD</u>

As a general matter, removal jurisdiction must be "strictly construed," *Syngenta Crop

Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts should be resolved against

removability "out of respect for the limited jurisdiction of the federal courts and the rights of

states," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

The party seeking removal bears the burden of demonstrating that removal is proper.  *See

McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017).

Under 28 U.S.C. § 1441(a), defendants may remove "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction."  "[A] district

court, when determining whether it has original jurisdiction over a civil action, should evaluate

whether that action could have been brought originally in federal court."  *Home Depot U.S.A.,

Inc. v. Jackson*, 139 S. Ct. 1743, 1748, *reh'g denied*, 140 S. Ct. 17 (2019).  "This requires a

district court to evaluate whether the plaintiff could have filed its operative complaint in federal

court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* In this case, Defendants removed on the basis that the Complaint raises claims arising under federal law. (Notice of Removal ¶ 9.)[3]

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (internal quotation marks omitted). "In particular, the existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and a defendant may not generally remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Id.* (citation, internal quotation marks, alteration, and emphasis omitted). "Thus, a defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citations omitted).

## III.   DISCUSSION

Plaintiffs assert that this case must be remanded to state court because they have pleaded only state law claims and this Court consequently lacks subject matter jurisdiction. (*See* Doc. 18-2 ("Ps' Mem.") at 4.) But Defendants contend that Plaintiffs have artfully framed the issues in the Complaint as state law issues to avoid federal jurisdiction. (*See* Doc. 27 ("Wireless Ds' Opp.") at 1, 8, 14.) They also argue that this Court has jurisdiction over the case because the TCA preempts Plaintiffs' state law claims, (*see* Wireless Ds' Opp. at 1-2, 9, 11, 14; Town Ds' Opp. at 5-7), because Plaintiffs seek to invalidate a federal consent order, (*see* Wireless Ds' Opp. at 1, 7-9; Town Ds' Opp. at 4-5, 9), and because Plaintiffs could have intervened in federal court

---

[3] The Court lacks diversity jurisdiction because Plaintiffs and several Defendants are citizens of New York. (*See* Complaint ¶¶ 4-16.)

after the consent order was entered, (*see* Wireless Ds' Opp. at 11-12, Town Ds' Opp. at 6).  I
address each argument in turn.

### A.     Artful Pleading and Preemption

The "artful pleading" rule is "a corollary to the well-pleaded complaint rule . . . pursuant
to which [a] plaintiff cannot avoid removal by declining to plead 'necessary federal questions.'"
*Romano*, 609 F.3d at 518-19 (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)).
Under this rule, there are three situations "in which a complaint that does not allege a federal
cause of action may nonetheless arise under federal law for purposes of subject matter
jurisdiction":  (1) "if Congress expressly provides, by statute, for removal of state law claims as
it did in the Price-Anderson Act"; (2) "if the state law claims are completely preempted by
federal law, such as those that must be brought under the Labor Management Relations Act, the
Employee Retirement Income Security Act, or the National Bank Act"; and (3) "in certain cases
if the vindication of a state law right necessarily turns on a question of federal law."  *Fracasse v.
People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014) (internal quotation marks, alteration,
and citations omitted).  The third situation is "extremely rare" and confined to a "special and
small category of cases."  *Gunn v. Minton*, 568 U.S. 251, 257-58 (2013) (internal quotation
marks omitted); *accord Tantaros v. Fox News Channel, LLC*, 427 F. Supp. 3d 488, 493
(S.D.N.Y. 2019), *appeal filed*, No. 20-3413 (2d Cir. Oct. 6, 2020).

The first two situations are inapplicable here because Congress has not expressly
provided for the removal of Plaintiffs' state law claims, nor are they completely preempted by
the TCA.  *See City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 180 (2d Cir. 2004) (TCA
"was not intended to transform state and local statutes' treatment of all telecommunications
issues into federal questions"); *Metheny v. Becker*, 352 F.3d 458, 460 (1st Cir. 2003) ("[T]here is

little reason to believe that, in passing the [TCA], Congress has so completely preempted plaintiffs' claims that the artful pleading doctrine is called into play (at least on complete preemption grounds).") (citation omitted); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722.2 (Rev. 4th ed. 2020) ("[F]ederal courts have held that state-law claims are not completely preempted by . . . the Telecommunications Act . . . ."). Accordingly, removal is proper only if this is the rare case where "the vindication of a state law right necessarily turns on a question of federal law." *Fracasse*, 747 F.3d at 144.

"It is well established that 'the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Sung ex rel. Lazard Ltd. v. Wasserstein*, 415 F. Supp. 2d 393, 398 (S.D.N.Y. 2006) (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Instead, "federal jurisdiction over a state law claim will lie if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "[A] federal issue is necessarily raised when the very success of the state claim depends on giving effect to a federal requirement, and the federal issue is an essential element of the state law claim." *Tantaros*, 427 F. Supp. 3d at 494 (internal quotation marks, alterations, and citations omitted). "In contrast, this first element is not present where all of the plaintiff's claims seek relief under state law and none necessarily raises a federal issue." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315-16 (2d Cir. 2016) (internal quotation marks and alterations omitted). "The presence of a federal defense does not raise a federal question, even if the defense is anticipated in the plaintiff's complaint, and even if . . . the federal defense is the only question truly at issue." *In re Methyl Tertiary*

*Butyl Ether (MTBE) Prod. Liab. Litig.*, 364 F. Supp. 2d 329, 332 (S.D.N.Y. 2004) (alteration in original) (internal quotation marks omitted).

 None of Plaintiffs' claims, which arise solely under state and local laws, (*see* Compl. ¶¶ 1-3, 62-95), necessarily raises a federal issue.  Defendants argue otherwise, reasoning that "a court cannot decide whether the Consent Order is invalid because of alleged SEQRA or other purported local violations without deciding whether the TCA preempts such local regulations," and therefore, "[P]laintiffs' state-law claims arise under the TCA."  (Wireless Ds' Opp. at 9.) But "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983).  Thus, the possibility that a state court would need to decide whether the TCA preempts Plaintiffs' claims does not justify removal.  *See Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) ("Under the 'well-pleaded complaint rule,' federal subject matter jurisdiction typically exists only 'when the plaintiff's well-pleaded complaint raises issues of federal law,' and not simply when federal preemption might be invoked as a defense to liability.") (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)); *Domnister v. Exclusive Ambulette, Inc.*, 607 F.3d 84, 88 (2d Cir. 2010) ("Because federal preemption is a defense to the plaintiff's suit and does not appear on the face of the complaint, a defendant generally may not remove an action on the basis of federal preemption.") (internal quotation marks omitted).

 Defendants are incorrect that the preemption issue "is proper for determination only in this Court and not by New York State Supreme Court," (Town Ds' Opp. at 7), or is "best decided by a federal court," (Wireless Ds' Opp. at 2).  "State courts regularly determine federal

preemption defenses, which are not normally removable." *In re MTBE Prod. Liab. Litig.*, 364 F. Supp. 2d at 333; *see La Freniere v. Gen. Elec. Co.*, 572 F. Supp. 857, 862 (N.D.N.Y. 1983) ("The state courts can adequately determine the propriety of a federal preemption defense. If indeed this suit is barred by federal law, the state courts are well-equipped to effectuate a proper remedy.").

Defendants also assert that "Plaintiffs' case could easily have been brought in federal court had the complaint been well-pleaded with no artful omissions of the TCA issues involved." (Wireless Ds' Opp. at 11.) This seems unlikely, as the "TCA does not support a private right of action to persons adversely affected by a local zoning board's decision to allow the construction of a wireless cell antenna." *Drago v. Garment*, 691 F. Supp. 2d 490, 491 (S.D.N.Y. 2010). Regardless, even if there were some federal claim Plaintiffs could have brought, it would not provide a basis for removal, because "[b]ringing only a state law claim does not constitute artful pleading, as a plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal." *Russell v. Legal Aid Soc. of N.Y.*, 200 F. App'x 37, 38 (2d Cir. 2006) (summary order) (internal quotation marks omitted).

Because Plaintiffs' state law claims do not necessarily raise a federal issue and federal subject matter jurisdiction does not arise from a federal preemption defense, the artful pleading rule does not apply and the Court lacks subject matter jurisdiction over Plaintiffs' claims.

### B.   **Federal Order**

Defendants contend that removal is nevertheless proper because "Plaintiffs are using their pleading to collaterally attack a federal court order." (Wireless Ds' Opp. at 9; *see* Town Ds' Opp. at 4 ("Plaintiffs are in fact seeking to modify and/or vacate the terms and provisions of this Court's Consent Order entered in the 2019 litigation which undisputedly arose under federal

law.").)  In *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002), however, the Supreme

Court "explicitly disavowed" removal in such circumstances.  *Kirkland v. Rolle*, No. 11-CV-

5978, 2011 WL 5024200, at *3 (S.D.N.Y. Oct. 14, 2011).  Specifically, the Court held that

28 U.S.C. § 1441 "requires that a federal court have original jurisdiction over an action in order

for it to be removed from a state court," and that the "All Writs Act, alone or in combination

with the existence of ancillary jurisdiction in a federal court, is not a substitute for that

requirement," even if the purpose of the removal is to "prevent the frustration of orders the

federal court has previously issued."  *Syngenta Crop Prot., Inc.*, 537 U.S. at 31, 34; *see* Wright

& Miller, *supra*, § 3728 (prior to *Syngenta*, some circuits held that a federal court could use its

authority under the All Writs Act to "remove an otherwise non-removable state-court case in

order to effectuate and prevent the frustration of orders it previously had issued in its exercise of

jurisdiction otherwise obtained") (internal quotation marks and alteration omitted).  As a result,

"[t]hat the case might be regarded as an improper attack on a prior federal judgment does not

provide grounds for removal."  *Metheny*, 352 F.3d at 460; *see In re Cnty. Collector*, 96 F.3d 890,

902 (7th Cir. 1996) ("[T]he All Writs Act does not permit the removal of a third-party action

claiming that a party to the consent decree acted without authority under state law.").

Defendants also argue that this case should not be remanded, because if the relief

Plaintiffs seek were granted in state court, "there would be a State Court order with provisions

which are in direct conflict with this Court's Consent Order from the 2019 Litigation."  (Town

Ds' Opp. at 9.)  This may be a defense against Plaintiffs' claims, but "Congress has not

authorized removal based on a defense or anticipated defense federal in character."  *Rivet*, 522

U.S. at 472.  Accordingly, "it does not provide an independent source for federal authority."

*Russell's Garden Ctr., Inc. v. Nextel Commc'ns of Mid-Atl., Inc.*, 296 F. Supp. 2d 13, 18
(D. Mass. 2003).

As explained above, Plaintiffs' Complaint pleads only state law issues, and this Court
therefore has no subject matter jurisdiction over Plaintiffs' claims.  The mere fact that Plaintiffs'
claims concern a federal court order and even seek to invalidate it is not a proper basis for
removal.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Compaction Sys. Corp. of N.J.*,
No. 09-CV-6216, 2010 WL 11598017, at *2-3 (S.D.N.Y. Aug. 2, 2010) (no jurisdiction over
state law claims related to consent decree entered in federal court); *see also Metheny*, 352 F.3d at
459-62 (remanding case alleging that a zoning board violated state law when it issued a variance
to settle a federal lawsuit); *Plaza v. Bernards Twp. Planning Bd.*, No. 17-CV-11466, 2018 WL
3637515, at *5-7 (D.N.J. July 31, 2018) (remanding cases alleging that township board violated
state law when it entered into a federal settlement agreement); *Smith v. Twp. of Bernards*,
No. 17-CV-4551, 2017 WL 5892202, at *3-4 (D.N.J. Nov. 29, 2017) (same); *Russell's Garden
Ctr., Inc.*, 296 F. Supp. 2d at 16-20 (remanding case raising state law challenges to the validity of
a permit to install an antenna facility in accordance with a federal settlement agreement).[4]

C.      **Intervention**

Finally, Defendants assert that "the proper method to address the Plaintiffs' concerns
would have been to move this Court to modify or vacate the Consent Order in the original action
pursuant to Fed. R. Civ. P. 60(b) rather than bring a separate action in state court."  (Wireless
Ds' Opp. at 11; *accord* Town Ds' Opp. at 6.)  But a federal court's ability to address Plaintiffs'

---

[4] As the *Syngenta* Court observed, removal under these circumstances is unnecessary
because parties in Defendants' position "may apply to the court that approved a settlement for an
injunction requiring dismissal of [the] rival action" and "could also have sought a determination
from the . . . state court that [the] action was barred by the judgment of the . . . District Court."
537 U.S. at 34 n.*.

state law claims in the prior action would have been through its supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).  There would not have been an independent basis for jurisdiction over their claims, and thus Plaintiffs' ability to intervene or bring a Rule 60(b) motion in the prior federal action does not affect this Court's jurisdiction over Plaintiffs' claims.  *See Syngenta Crop Prot., Inc.*, 537 U.S. at 34 ("[A] court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims.  Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441.") (internal quotation marks and citation omitted).

Moreover, assuming for the sake of argument that Plaintiffs may have been able to bring a Rule 60(b) motion in the prior federal action as third parties who were strongly affected by the judgment, *see Irvin v. Harris*, 944 F.3d 63, 69-70 (2d Cir. 2019), Plaintiffs correctly observe that Defendants "offer absolutely no authority or argument establishing that they in fact *needed* to," (Ps' Reply at 5 (emphasis in original)).[5]  There is no duty to intervene in a lawsuit, *see Martin v. Wilks*, 490 U.S. 755, 762-65 (1989); *United States v. Schwimmer*, 968 F.2d 1570, 1577-78 (2d Cir. 1992), and the Court fails to see how Plaintiffs' decision to avail themselves of an alternative means of challenging the consent order could provide the Court with subject matter jurisdiction here, where it is otherwise lacking.

---

[5] Nonparties may invoke Rule 60(b) in "extraordinary circumstances" where they have "interests on which the outcome of the proceedings had significant consequences . . . , yet those interests had not been adequately represented during litigation, because of the peculiar structure of [the] case."  *Federman v. Artzt*, 339 F. App'x 31, 34 (2d Cir. 2009) (summary order).  I express no view on whether that standard is met here, but I note that the Wireless Defendants maintain that it is, while simultaneously arguing to the contrary in their motion to dismiss that "the interests of the Plaintiffs, who are residents of the Town of Carmel, were adequately represented by the Town in the Prior Action."  (Wireless Ds' Opp. at 26.)

**IV.**      **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED.  Plaintiffs'

alternative motion for a preliminary injunction and the Wireless Defendants' motion to dismiss

are DENIED as moot.  The Clerk of Court is respectfully directed to terminate the pending

motions, (Docs. 18, 28), and remand the case to the New York State Supreme Court, Putnam

County.

**SO ORDERED.**

Dated: February 8, 2021
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.