UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

JESSICA GONDOLFO, ROBERT CAVALLARO, TODD MCCORMACK, EDWARD WECHSLER, JOSEPH ARMISTO, and GERARD HANRAHAN,

Petitioners-Plaintiffs,

- against -

TOWN OF CARMEL, TOWN OF CARMEL TOWN BOARD, TOWN OF CARMEL PLANNING BOARD, TOWN OF CARMEL ZONING BOARD OF APPEALS, MICHAEL CARNAZZA, in his official capacity as Town of Carmel Building Inspector, NEW YORK SMSA LIMITED PARTNERSHIP d/b/a/ VERIZON WIRELESS, HOMELAND TOWERS, LLC, and MAPLE HILL ESTATES HOMEOWNERS ASSOCIATION, INC.,

Respondents-Defendants.

----------------------------------------------------------x

**OPINION & ORDER**

No. 20-CV-9060 (CS)

Appearances:

Alan J. Knauf
Jonathan R. Tantillo
Knauf Shaw LLP
Rochester, New York
*Counsel for Petitioners-Plaintiffs*

Robert D. Gaudioso
Carlotta Cassidy
Snyder & Snyder, LLP
Tarrytown, New York
*Counsel for Respondents-Defendants New York SMSA Limited Partnership d/b/a Verizon Wireless and Homeland Towers, LLC*

Seibel, J.

Before the Court is the motion of Petitioners-Plaintiffs Jessica Gondolfo, Robert Cavallaro, Todd McCormack, Edward Wechsler, Joseph Armisto, and Gerard Hanrahan (collectively, "Plaintiffs") for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). (ECF No. 41.) For the following reasons, Plaintiffs' motion is GRANTED in part.

## I. BACKGROUND[1]

On October 14, 2020, Plaintiffs brought an Article 78 proceeding in the Supreme Court of the State of New York, County of Putnam, against Respondents-Defendants Town of Carmel, Town of Carmel Town Board, Town of Carmel Planning Board, Town of Carmel Zoning Board of Appeals, and Michael Carnazza in his official capacity as Town Building Inspector, (collectively the "Town Defendants"); New York SMSA Limited Partnership doing business as Verizon Wireless and Homeland Towers, LLC, (collectively the "Wireless Defendants"); and the Maple Hills Estates Homeowners Association, Inc., seeking to invalidate a federal consent order on various state law grounds. (ECF No. 44-1 ("Compl.") ¶¶ 1-9.) On October 28, 2020, the Wireless Defendants removed the action to this Court, asserting federal question jurisdiction. (ECF No. 1.) After Plaintiffs filed a letter contemplating a motion to remand or, alternatively, a motion for a preliminary injunction, (ECF No. 11), and the Wireless Defendants responded, (ECF Nos. 16, 17), the Court held a pre-motion conference on December 7, 2020, (*see* Minute Entry dated Dec. 7, 2020). Plaintiffs then filed their motion, (ECF No. 18), and per the Court's instruction, (ECF Nos. 20, 24), the Wireless Defendants filed a cross-motion to dismiss in

[1] Familiarity with the prior proceedings and underlying facts of this case is presumed. I recite only the facts necessary to my decision.

conjunction with their opposition to Plaintiffs' motion to remand, (ECF Nos. 27, 28). The Town Defendants opposed only Plaintiffs' motion to remand. (ECF No. 30.)

On February 8, 2021, I granted Plaintiffs' motion to remand and denied as moot Plaintiffs' alternative motion for a preliminary injunction and the Wireless Defendants' motion to dismiss. *Gondolfo v. Town of Carmel*, No. 20-CV-9060, 2021 WL 431148 (S.D.N.Y. Feb. 8, 2021) ("Remand Order"). Specifically, I concluded that "[b]ecause Plaintiffs' state law claims do not necessarily raise a federal issue and federal subject matter jurisdiction does not arise from a federal preemption defense, the artful pleading rule does not apply and the Court lacks subject matter jurisdiction over Plaintiffs' claims." *Id.* at *4. I further found that "[t]he mere fact that Plaintiffs' claims concern a federal court order and even seek to invalidate it is not a proper basis for removal," and that the fact that Plaintiffs could have attempted to attack the consent order directly in the federal proceeding did not create subject matter jurisdiction over the state claims they chose to bring. *Id.* at *5.

On February 19, 2021, after remand, Plaintiffs requested a pre-motion conference related to a proposed motion for attorney's fees against the Wireless Defendants pursuant to 28 U.S.C. § 1447(c), (ECF No. 38), and the Wireless Defendants submitted a letter in response on March 8, (ECF No. 40). On March 15, 2021, I held a pre-motion conference setting the briefing schedule for Plaintiffs' anticipated motion for attorney's fees, (Minute entry dated Mar. 15, 2021), and this motion followed.

## II. LEGAL STANDARD

### A. Motion for Attorney's Fees Under 28 U.S.C. § 1447(c)

The Court retains jurisdiction over the fee application under 28 U.S.C. § 1447(c). *Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005). That statute provides that where a removed case is

remanded, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). It "affords a great deal of discretion and flexibility to the district courts in fashioning" such awards. *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). "[A] court is not limited to awarding fees and costs only when the removal is 'frivolous, unreasonable, or without foundation.'" *Sokola v. Weinstein*, No. 20-CV-925, 2020 WL 3605578, at *18 (S.D.N.Y. July 2, 2020) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39 (2005)). Rather, the objectives of the removal statute serve as guidance. *Id.* Removal of a case to federal court, followed by remand back to state court, "delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," and so "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140. "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* Therefore, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," and "[c]onversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

"A basis for removal is objectively reasonable if the removing party had a colorable argument that removal was proper." *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017) (cleaned up). "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order). In practice, "if lack of jurisdiction was not obvious from the face of the removal petition and no other unusual circumstances obtain, a court

cannot conclude that an objectively reasonable basis was lacking." *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11-CV-2232, 2011 WL 4965150, at *8 (S.D.N.Y. Oct. 19, 2011) (cleaned up).

**B. <u>Calculation of Attorney's Fees</u>**

Once it is determined that a party is entitled to fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Supreme Court and Second Circuit have held that "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a presumptively reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (cleaned up); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-52 (2010). In assessing the reasonableness of attorney's fees, the Court must: "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by the number of hours reasonably expended to determine the presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." *Creighton v. Dominican Coll.*, No. 09-CV-3983, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011). "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). "There is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (cleaned up).

## III. DISCUSSION

### A. Objectively Reasonable Basis for Seeking Removal

An award of attorney's fees under § 1447(c) is appropriate here. The Wireless Defendants' arguments defending removal, (*see* ECF No. 27), largely centered on the existence of a federal preemption defense, but, as both the Supreme Court and the Second Circuit have explained, it is "settled law that a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original); *accord Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015) (summary order). Indeed, since at least the 1980s, the Supreme Court made it clear that "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983); *see Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense."). Accordingly, predicating removal on the actual or anticipated presence of a federal defense, as Wireless Defendants did here, was objectively unreasonable. *Savino*, 590 F. App'x at 81.[2] Even the most basic preliminary research should have alerted the Wireless Defendants' counsel to the lack of federal

---

[2] As the Court previously noted in the Remand Order, an additional basis under which Wireless Defendants justified removal – that Plaintiffs were allegedly using their state court complaint to collaterally attack a federal court order – was also specifically rejected by the Supreme Court in *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). *See* Remand Order, 2021 WL 431148, at *4-5.

jurisdiction in this action.[3] Accordingly, Wireless Defendants lacked an objective basis for removal,[4] and an award of attorney's fees is appropriate here.

**B. <u>Amount of Fee Award</u>**

Next, the proper amount of the award must be determined. Plaintiffs submitted a breakdown of fees, (ECF No. 41-4), seeking an award of $17,839.50 for 66.7 hours of work,

---

[3] Plaintiffs specifically notified Wireless Defendants, before they removed, that removal was improper because the Article 78 petition sounded only in state law. (ECF No. 41-1 ¶ 12.) After removal, in their motion to remand, Plaintiffs pointed out that the Supreme Court in *Syngenta* rejected Defendants' originally stated ground for removal: that the state case purported to attack a federal order. (See ECF No. 1 ¶¶ 7-9.) Yet Defendants continued to argue the removal was proper. Such circumstances provide further support for an award of attorney's fees. *Cf. dela Rosa ex rel. dela Rosa v. 610-620 W. 141 LLC*, No. 08-CV-8080, 2009 WL 1809467, at *4 & n.4 (S.D.N.Y. June 24, 2009) (awarding attorney's fees where plaintiffs' counsel alerted defendant's counsel regarding the basis for a motion to remand and "[a] reasonable inquiry into the applicable law would have revealed that the statutory criteria for removing this action to federal court were not satisfied").

[4] The Wireless Defendants' arguments against an award of fees fail to address the objective reasonableness of their basis for removal, and instead attempt to shift the Court's attention to the absence of bad faith in removing the action and to Plaintiffs' actions following removal. (ECF No. 45 ("Ds' Opp.") at 1-2.) But, as Wireless Defendants themselves acknowledge, "bad faith removal by a defendant is not a precondition to a plaintiff's recovery under Section 1447(c)." (*Id.* at 2); *see Albstein v. Six Flags Ent. Corp.*, No. 10-CV-5840, 2010 WL 4371433, at *4 (S.D.N.Y. Nov. 4, 2010) ("The statute does not require bad faith by the removing party."). And the fact that Plaintiffs brought a Rule 60(b) motion in federal court in a separate action *after* the Wireless Defendants removed this action is beside the point, as the objective reasonableness of removal is "evaluated based on the circumstances as of the time that the case was removed," not afterwards. *Williams*, 416 F. App'x at 99. As the Court has previously explained, "Plaintiffs' ability to intervene or bring a Rule 60(b) motion in the prior federal action [did] not affect this Court's jurisdiction over Plaintiffs' claims." Remand Order, 2021 WL 431148, at *5. The Wireless Defendants also argue that they would have no motive to delay or to impose costs on their adversary. (Ds' Opp. at 4.) The Court is not so sure. Making litigation costly to Plaintiffs, who are individual neighbors to the proposed cell tower, could discourage them from proceeding, and delaying an injunction (which is what Plaintiffs sought) could allow the Wireless Defendants to go forward. Further, that Defendants informed Plaintiffs of the removal at 11:29 p.m. the night before a scheduled 9:30 a.m. show-cause hearing in state court – a proceeding for which Defendants had to know Plaintiffs' counsel had already prepared – suggests gamesmanship. (*See* ECF No. 41-1 ¶ 11.) In any event, whether intended or not, the meritless removal did cause delay, impose costs, and waste resources. A fee award here would encourage litigants to more thoroughly research the legal basis for removal before acting.

which they contend is "reasonable in light of the range of values awarded by this court previously, and especially in light of the Developers' decision to file a cross-motion on the merits rather than acknowledge their mistake," (ECF No. 41-5 at 5-6). In response, the Wireless Defendants argue that the Court should order Plaintiffs' counsel to provide more detail supporting their requested amount of fees, which should not include work unrelated to the motion for remand. (Ds' Opp. at 4.) Specifically, Wireless Defendants argue that the work Plaintiffs' counsel completed on their motion for a preliminary injunction and opposition to the motion to dismiss should not be included in any fee award because that work was necessary whether the case was in federal or state court. (*Id.* at 5.)

In general, "a district court determines attorneys' fees by setting a reasonable hourly rate,[[5]] taking account of all case-specific variables and multiplying that rate by the number of hours expended." *Wachovia Mortgage, FSB v. Toczek*, 841 F. App'x 267, 269 (2d Cir. 2021) (cleaned up). Further, a court may use its discretion, based on its experience in general and with the particular case at issue, to "trim[ the] fat from a fee application." *Kirsch v. Fleet St., Ltd.*,

[5] The Wireless Defendants do not appear to contest that the hourly rates charged by Plaintiffs' counsel ($495 for Mr. Knauf and $295 for Mr. Tantillo) and their staff ($125 for Ms. O'Sullivan) are reasonable, and case law from within this district confirms that they are. *See Sanson v. City of N.Y.*, No. 19-CV-2569, 2021 WL 1191566, at *5 (S.D.N.Y. Mar. 30, 2021) (approving $150 an hour for law clerk); *Gen. Elec. Cap. Corp. v. Cutler*, No. 15-CV-4420, 2015 WL 7444627, at *5 (S.D.N.Y. Nov. 23, 2015) (finding rates of $288 and $355.50 per hour for experienced attorneys to be reasonable given that courts in this District "have regularly found $500.00 or more to be reasonable hourly rate for a senior associate attorney") (cleaned up); *In re AOL Time Warner S'holder Derivative Litig.*, No. 02-CV-6302, 2010 WL 363113, at *13 (S.D.N.Y. Feb. 1, 2010) (concluding that "hourly rates . . . ranging from $175 to $550 for associates and non-partner level attorneys and $300 to $850 for partners . . . fall within the range of those commanded by leading lawyers in the Southern District"); *Verizon Directories Corp. v. AMCAR Transp. Corp.*, No. 05-CV-8867, 2008 WL 4891244, at *5 (S.D.N.Y. Nov. 12, 2008) (approving rates of $425 and $525 per hour for partners with "extensive experience").

148 F.3d 149, 173 (2d Cir. 1998) (cleaned up).  It should decrease the number of hours included in the fee calculation if the claimed time is "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, and examine "the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case," excluding any billed time that was unreasonable, *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997).  "While it is unnecessary for fee applicants to identify with precision the amount of hours allocated to each individual task, attorneys seeking reimbursement must provide enough information for the court . . . to assess the reasonableness of the hours worked on each discrete project." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 343 (S.D.N.Y. 2016) (cleaned up).  "[V]ague billing entries that prevent the court from determining if the hours billed were excessive" are subject to an across-the-board reduction at the court's discretion.  *Kreisler v. Second Ave. Diner Corp.*, No. 10-CV-7592, 2013 WL 3965247, at *3 (S.D.N.Y. July 31, 2013).  "If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours." *M. Lady, LLC v. AJI, Inc.*, No. 06-CV-194, 2009 WL 1150279, at *8 (S.D.N.Y. Apr. 29, 2009) (cleaned up).

I agree with Defendants that fees incurred in connection with the motion to dismiss and preliminary injunction should not be included in an award of attorney's fees. *See CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, No. 16-CV-2523, 2016 WL 9080233, at *2 (S.D.N.Y. July 8, 2016) (reducing plaintiff's reasonable hours expended by seventeen percent where "a portion of th[e] tasks would have been necessary even if the action had remained in state court and will reduce the work necessary when the case is remanded").  Further, as the Wireless

Defendants correctly note in their opposition, Plaintiffs' billing statement includes vague "block billed charges that do not explain how much time was allocated to each task" and "more than one attorney is shown to have completed the same task without explanation of how one attorney's work differed from the other's." (Ds' Opp. at 5.) Similar block-billing has been found to warrant a reduction from the requested fee amount. *See, e.g.*, *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 407 (E.D.N.Y. 2019) (because attorneys block-billed, the court was "unable to determine how many of their hours on each day were spent doing administrative tasks for which they cannot recover fees, and how many hours were spent on legal work"). Additionally, even those entries that clearly relate to the remand motion are vague. For example, on October 29, 2020, Mr. Knauf, Ms. O'Sullivan, and Mr. Tantillo all billed different amounts of time for "Review[ing] [the] notice of removal" and "Legal research." (ECF No. 41-4.) Similarly, Mr. Tantillo has a number of entries from January 2021 with the narrative description "Email Correspondence. Legal Research. Draft reply papers." (*Id.*) And while Plaintiffs provide some explanation for why some time entries appear duplicative, (ECF No. 46-1 at 4), the descriptions are still so vague as to make it all but impossible for the Court to figure out what fees were incurred specifically in connection with the remand motion.

"[C]ourts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application." *Andrews v. City of N.Y.*, 118 F. Supp. 3d 630, 644 (S.D.N.Y. 2015) (cleaned up). Rather than reviewing each time sheet line-by-line, "courts routinely apply across the board reductions." *In re W. End Fin. Advisors, LLC*, No. 11-CV-11152, 2012 WL 2590613, at *5 (Bankr. S.D.N.Y. July 3, 2012). "Courts in this Circuit have levied various across-the-board reductions in the total number of requested hours based on vague entries."

*Grano v. Martin*, No. 19-CV-6970, 2021 WL 3500164, at *5 (S.D.N.Y. Aug. 9, 2021) (collecting cases and describing typical percentage amount reductions within the Second Circuit). Looking at the portion of the motion papers that relate to the remand, rather than the motion to dismiss or the motion for a preliminary injunction, and recognizing that the briefing on the latter subjects would have to be somewhat modified for state court, the Court reduces the amount of billed hours by 40%.

Accordingly, using the lodestar method, the Court calculates Plaintiffs' reasonable fees as follows:

| **Attorney/Staff Member** | **Hourly Rate** | **Adjusted Hours**[6] | **Total** |
|---|---|---|---|
| Alan J. Knauf | $495 | 1.3 – (1.3*.4) = 0.8 | $396.00 |
| Jonathan Tantillo | $295 | 48.6 – (48.6*.4) = 29.2 | $8,614.00 |
| Julia O'Sullivan | $125 | 16.8 – (16.8*.4) = 10.1 | $1,262.50 |
| **TOTAL** | | | **$10,272.50** |

Plaintiffs are awarded **$10,272.50** in attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is GRANTED in part. Defendants shall pay Plaintiffs **$10,272.50**. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 41).

---

[6] Adjusted hours are rounded up to the nearest tenth of an hour.

**SO ORDERED.**

Dated: January 3, 2022
White Plains, New York

CATHY SEIBEL, U.S.D.J.